IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BREANNIA THOMAS, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:23-00293-KD-N |
| | ) |
| LT. JOHN W. ANGLE, and | ) |
| THE CITY OF MOBILE, | ) |
|     Defendants. | ) |

## ORDER

This action is before the Court[1] on a civil complaint and motion to proceed without prepayment of fees, or *in forma pauperis* ("IFP"), filed by Plaintiff Breannia Thomas – who is proceeding without counsel (*pro se*) – on July 31, 2023. (Docs. 1, 2). Upon consideration and for the reasons stated herein, Plaintiff's IFP motion (Doc. 2) is **GRANTED**. However, in order to properly evaluate her claims, Plaintiff will need to file an amended complaint. Thomas is **ORDERED** to do so by no later than **September 20, 2023**.

## I.  IFP Status

The *in forma pauperis* (or IFP) statute, 28 U.S.C. § 1915, is designed so "[a]ll persons, regardless of wealth, are entitled to reasonable access to the courts." *Moon v. Newsome,* 863 F.3d 835, 837 (11th Cir. 1989). The statute states, in relevant part:

> [Subject to inapplicable exceptions], any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment

---

[1] The District Judge assigned to this case referred Plaintiff's filings to the undersigned Magistrate Judge appropriate action pursuant to 28 U.S.C. § 636(a)-(b) and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b). (7/31/2023 elec. refs.).

1

> of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1); *see Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (affirming the application of § 1915's provisions to a non-prisoner's complaint). While the IFP statute seeks to "ensure[] that indigent persons will have equal access to the judicial system," an IFP motion "should not be a broad highway into the federal courts." *Attwood v. Singletary*, 105 F.3d 610, 612-13 (11th Cir. 1997) (citations omitted). And "[t]here is no question that proceeding *in forma pauperis* is a privilege, not a right." *Camp v. Oliver*, 198 F.2d 434, 437 (11th Cir. 1986).[2] While a trial court has "broad discretion" in determining whether to grant or deny an IFP application, "it must not act arbitrarily and it may not deny the application on erroneous grounds." *Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983) (per curiam) (citation omitted). However, "in civil cases for damages … the courts should grant the [IFP] privilege sparingly." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004 (per curiam) (citing *Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1244 (5th Cir. 1975)).[3] In any event, "[t]he district court must provide a sufficient explanation for its determination of IFP status to allow for meaningful appellate review."

---

[2] *Accord Rivera v. Allin*, 144 F.3d 719, 722, 724 (11th Cir. 1998) ("Leave to proceed IFP is, and always has been, the exception rather than the rule. To commence a civil lawsuit in federal district court, the general rule is that initiating parties must prepay a filing fee . . . To be sure, proceeding IFP in a civil case is a privilege, not a right—fundamental or otherwise."), *abrogated on other grounds*, *Jones v. Bock*, 549 U.S. 199 (2007).

[3] In *Bonner v. City of Prichard, Ala.*, 661 F.2s 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit prior to October 1, 1981.

*Martinez*, 364 F.3d at 1307 (citations omitted).

When considering an IFP motion under § 1915(a), "the only determination to be made by the court … is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez*, 364 F.3d at 1306 (citation omitted). An IFP movant's affidavit, "need not show that the litigant is 'absolutely destitute' to qualify for indigent status under § 1915," rather, "an application will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 917 (11th Cir. 2014) (unpublished) (citing *Martinez*, 364 F.3d at 1307-08 (internal quotations omitted)). Upon consideration of the representations in Plaintiff's IFP motion (Doc. 2), which is in substantial compliance with 28 U.S.C. § 1746 and thus constitutes an unsworn declaration made under penalty of perjury, the undersigned finds it is reasonably apparent that Plaintiff lacks the means to pay the $402 filing fee and other related costs without being deprived of the basic necessities of life. Accordingly, Plaintiff's IFP motion (Doc. 2) is **GRANTED.** The Clerk of Court is **DIRECTED** to withhold service of the complaint, and the forthcoming amended complaint, until otherwise ordered, to allow for review under 28 U.S.C. § 1915(e)(2)(B).

## II.     *Plaintiff's Complaint (Doc. 1)*

Plaintiff will need to amend her complaint for the Court to properly evaluate

her claims.[4] When a party is granted leave to proceed IFP under 28 U.S.C. § 1915, the Court must screen the underlying complaint for various defects. Specifically, this screening procedure mandates the following:

> "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal— (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

28 U.S.C. § 1915(e)(2)(B). Federal Rule of Civil Procedure 12(b)(6) standards apply in determining whether a claim screened under § 1915(e)(2)(B) fails to state a claim upon which relief may be granted. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). A district court explained the framework for screening a *pro se* complaint under § 1915(e)(2)(B)(ii) as follows:

> Of course, courts hold complaints authored by *pro se* litigants to a less stringent standard, and construe them more liberally than pleadings drafted by attorneys. *See, e.g., Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). Nevertheless, a pro se litigant's complaint still "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). All litigants, regardless of whether they are proceeding with the aid of counsel or *pro se*, must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Furthermore, even though a district court must interpret the pleadings of *pro se* litigants more liberally than those drafted by counsel, it "may not serve as de facto counsel for a party . . . or rewrite an otherwise deficient pleading in order to sustain an action." *Ausar-El ex rel. Small, Jr. v. BAC (Bank of America) Home Loans Servicing LP*, 448 Fed. Appx. 1, 2 (11th Cir. 2011) (internal quotations and citations omitted).

---

[4] As an initial point, there is no civil cover sheet attached, which is required for all civil actions pursuant to S.D. Ala. CivLR 3(a). This form will be provided alongside this order.

4

*Stone v. Stone*, No. 5:18-CV-867-CLS, 2018 WL 3368978, at *2 (N.D. Ala. July 10, 2018). While pleadings filed by *pro se* litigants are to be construed liberally, they are still required to "conform to procedural rules." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (quoting *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002)).

In its current form, Plaintiff's complaint suffers from defects which result in failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). First, as to jurisdiction, Plaintiff utilizes this Court's form civil complaint, and in the section entitled "Basis of Jurisdiction" she has checked the box for "Diversity of Citizenship;" however, the complaint indicates all parties to this action are citizens of Alabama. (*See* Doc. 1). Therefore, diversity of citizenship cannot operate. *See* 28 U.S.C. § 1332. However, given Plaintiff's invocation of rights afforded under the Fourth and Fourteenth Amendments, reference to subject matter that can fairly be attributed to a civil rights-type complaint and the leniency afforded to her as a *pro se* litigant, the undersigned finds it likely that Plaintiff's complaint seeks to invoke federal question jurisdiction under 28 U.S.C. § 1331 by asserting cause(s) of action under 42 U.S.C. § 1983.

Even when construed as such, complaints in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" under Fed. R. Civ. P. 8(a)(2), and Plaintiff's complaint fails to do so. To state a claim pursuant to § 1983, "a plaintiff must allege that (1) the defendant deprived [her] of a right secured under the United States Constitution or federal law and (2) such a deprivation occurred under color of state law." *Richardson v. Johnson,* 598 F.3d 734,

737 (11th Cir. 2010). Here, Plaintiff identifies Lt. Angle and the City of Mobile as Defendants in this case; however, it is unclear whether Lt. Angle is an officer with the Mobile Police Department, Mobile County Sheriff's Office or some other law enforcement agency. Thus, the Court cannot conclude whether Lt. Angle acted "under color of law" based on the current allegations.[5] Additionally, Plaintiff names the City of Mobile as a defendant; however, she does not allege any action and/or inaction by the City itself which resulted in an alleged deprivation of rights. (*See* Doc. 1).

Finally, regarding the content of the complaint, Plaintiff asserts Lt. Angle violated her Fourth and Fourteenth Amendment rights during a traffic stop on July 27, 2023 by racially profiling her (and the other passengers in her vehicle), "being very rude," writing her boyfriend two tickets, demanding she and other passengers step out of the vehicle, searching the vehicle without a warrant or probable cause, seizing a legally purchased firearm, and threating her (and the other passengers) for simply "asking for his supervisor." (Doc. 1). While this alleged conduct is concerning, these allegations are merely conclusory in their current form and not supported by sufficient factual allegations to survive a potential dismissal under Fed. R. Civ. P. 12(b)(6), such that Plaintiff fails to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." (citations omitted)).

---

[5] Plaintiff also needs to identify Lt. Angle with greater specificity in order for him to be served under Fed. R. Civ. P. 4. *See* 28 U.S.C. § 1915(d).

### III.   *Conclusion*

Upon consideration, and for the reasons stated herein, Plaintiff's IFP motion (Doc. 2) is **GRANTED**. Further, Thomas is **ORDERED** to file an amended complaint, resolving the deficiencies noted in this order, by no later than **September 20, 2023**. In so doing, Plaintiff is encouraged to make use of the *Pro Se* Litigant Handbook, which is being provided to her alongside this order.[6]

Failure to comply with this directive will result in entry of recommendation to the Court that Thomas' current complaint be dismissed without prejudice *sua sponte* for failure to prosecute and/or non-compliance with a Court order.[7]

### NOTICE TO PRO SE PLAINTIFF

In light of her *pro se* status, Thomas is noticed that "[a]ll persons proceeding pro se shall be bound by, and must comply with, all Local Rules of this Court," as well as the applicable federal rules of procedure, "unless excused by Court order." S.D. Ala. GenLR 83.5(a). *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a pro se litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure. These rules provide for sanctions for

---

[6] Additional resources for *pro se* litigants can also be accessed online at: https://www.alsd.uscourts.gov/filing-without-attorney.

[7] *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); *see also, Betty K. Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005) (noting district court's inherent authority to *sua sponte* dismiss a case under Rule 41(b)), *and Equity Lifestyle Props, Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (explaining *sua sponte* dismissal is appropriate "to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." (internal quotation omitted)).

misconduct and for failure to comply with court orders."); *United States v. Hung Thien Ly*, 646 F.3d 1307, 1315 (11th Cir. 2011) ("A pro se [party] must follow the rules of procedure and evidence and the district court has no duty to act as his lawyer…" (citation omitted)). Additionally, Federal Rule of Civil Procedure 11(a) requires that any paper filed with the Court be signed by her personally and provide her "address, e-mail address, and telephone number."[8] *See also* S.D. Ala. GenLR 5(a)(4) ("For filings by *pro se* litigants, the unrepresented party shall personally sign each document filed and shall include, directly beneath the signature line, his or her name, address and telephone number.").[9] Under this Court's local rules, "[a]ny person proceeding *pro se* must, at all times during the pendency of the action to which he or she is a party, keep the Clerk informed of his or her current address and … must promptly notify the Clerk of any change in address … Failure to comply with this Rule may result in sanction, including the dismissal of a *pro se* plaintiff's action…" S.D. Ala. GenLR 83.5(b). Additionally, any "request for Court action must be

---

[8] "The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Fed. R. Civ. P. 11(a).

[9] Unless and until Thomas registers with the Clerk of Court to electronically file, she must handwrite her signature on all future filings with this Court in order to comply with Rule 11(a). Should she desire to set up an electronic-filing account, she should contact the Office of the Clerk of Court for this district. *See also* Administrative Procedure for Electronic Filing in the United States District Court for the Southern District of Alabama, § III(B) (last revised 2/1/2021) (https://www.alsd.uscourts.gov/sites/alsd/files/AdminPro.pdf). This point cannot be emphasized enough, and Plaintiff is hereby noticed that repeated failure to personally sign filings may result in sanction as the Court sees fit, pursuant to its inherent powers to manage its docket. *See Mulautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1545-46 (11th Cir. 1993) ("Deeply rooted in the common law tradition is the power of any court to manage its affairs which necessarily includes the authority to impose reasonable appropriate sanctions upon errant lawyers practicing before it. Courts' inherent power also extends to parties to litigation." (internal citation and quotation omitted)).

presented by motion and may not be presented by informal means such as a letter." S.D. Ala. GenLR 7.

The Clerk is **DIRECTED** to send (1) a copy of this order, (2) a copy of the JS44 Civil Cover Sheet, (3) a copy of this Court's form civil complaint and (4) a copy of this Court's Pro Se Litigant Handbook to Thomas as the address on record.

**DONE** and **ORDERED** this the 29th day of August 2023.

>  */s/ Katherine P. Nelson*
> **KATHERINE P. NELSON**
> **UNITED STATES MAGISTRATE JUDGE**