IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BREANNIA THOMAS,      ) | |
|     Plaintiff,      ) | |
| ) | |
| v.      ) | CIVIL ACTION NO. 1:23-00293-KD-N |
| ) | |
| LT. JOHN W. ANGLE, and      ) | |
| THE CITY OF MOBILE,      ) | |
|     Defendants.      ) | |

**ORDER**

This action is before the Court[1] on an amended complaint filed by Plaintiff Breannia Thomas on September 11, 2023. (Doc. 4). Thomas – who is proceeding *pro se* and *in forma* pauperis ("IFP") – timely filed this amended complaint as instructed by the Court's order dated August 29, 2023. (Doc. 3). Because Thomas is proceeding IFP, her amended complaint is subject to screening. 28 U.S.C. § 1915(e)(2)(B).

## I.   *Procedural and Factual Background*

Thomas initiated the above-styled action by filing a complaint and IFP motion on July 31, 2023. (Docs. 1, 2). On review, the undersigned granted IFP status and conducted an initial screening of her complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). (*See* Doc. 3). Several deficiencies were noted, and the undersigned explained:

> In its current form, Plaintiff's complaint suffers from defects which result in failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). First, as to jurisdiction, Plaintiff utilizes this Court's form civil complaint, and in the section entitled "Basis of Jurisdiction" she has checked the box for "Diversity of Citizenship;" however, the complaint indicates all parties to this action are citizens of

---

[1] The District Judge assigned to this case referred Plaintiff's amended complaint to the undersigned Magistrate Judge appropriate action pursuant to 28 U.S.C. § 636(a)-(b) and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b). (9/11/2023 elec. ref.).

1

> Alabama. (*See* Doc. 1). Therefore, diversity of citizenship cannot operate. *See* 28 U.S.C. § 1332. However, given Plaintiff's invocation of rights afforded under the Fourth and Fourteenth Amendments, reference to subject matter that can fairly be attributed to a civil rights-type complaint and the leniency afforded to her as a *pro se* litigant, the undersigned finds it likely that Plaintiff's complaint seeks to invoke federal question jurisdiction under 28 U.S.C. § 1331 by asserting cause(s) of action under 42 U.S.C. § 1983.
>
> Even when construed as such, complaints in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" under Fed. R. Civ. P. 8(a)(2), and Plaintiff's complaint fails to do so. To state a claim pursuant to § 1983, "a plaintiff must allege that (1) the defendant deprived [her] of a right secured under the United States Constitution or federal law and (2) such a deprivation occurred under color of state law." *Richardson v. Johnson,* 598 F.3d 734, 737 (11th Cir. 2010). Here, Plaintiff identifies Lt. Angle and the City of Mobile as Defendants in this case; however, it is unclear whether Lt. Angle is an officer with the Mobile Police Department, Mobile County Sheriff's Office or some other law enforcement agency. Thus, the Court cannot conclude whether Lt. Angle acted "under color of law" based on the current allegations. Additionally, Plaintiff names the City of Mobile as a defendant; however, she does not allege any action and/or inaction by the City itself which resulted in an alleged deprivation of rights. (*See* Doc. 1).
>
> Finally, regarding the content of the complaint, Plaintiff asserts Lt. Angle violated her Fourth and Fourteenth Amendment rights during a traffic stop on July 27, 2023 by racially profiling her (and the other passengers in her vehicle), "being very rude," writing her boyfriend two tickets, demanding she and other passengers step out of the vehicle, searching the vehicle without a warrant or probable cause, seizing a legally purchased firearm, and threating her (and the other passengers) for simply "asking for his supervisor." (Doc. 1). While this alleged conduct is concerning, these allegations are merely conclusory in their current form and not supported by sufficient factual allegations to survive a potential dismissal under Fed. R. Civ. P. 12(b)(6), such that Plaintiff fails to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (explaining Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." (citations omitted)).

(Doc. 3, PageID.15-16) (footnote omitted). The undersigned went on to notice Thomas

2

of her obligations as a *pro se* litigant and ordered her to file an amended complaint resolving the above-noted deficiencies. (Doc. 3).[2] Thomas filed the operative amended complaint September 11, 2023. (Doc. 4).

## II.     *Screening Under 28 U.S.C. § 1915*

When a party is granted leave to proceed IFP under 28 U.S.C. § 1915, the Court must screen the underlying complaint for various defects. Specifically, this screening procedure mandates the following:

> "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal— (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

28 U.S.C. § 1915(e)(2)(B). *See Holliday v. Sec'y, Florida Dep't of Corr.*, 2022 U.S. App. LEXIS 25497, n.1 (11th Cir. 2022) (per curiam) (noting application of § 1915(e)(2)'s screening procedure to both prisoners and non-prisoners).

Under this procedure, with respect to 28 U.S.C. § 1915(e)(2)(B)(i), "[a] claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (citation omitted). As to 28 U.S.C. § 1915(e)(2)(B)(ii), Federal Rule of Civil Procedure 12(b)(6) standards apply. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). A district court within this circuit has explained this framework as follows:

> [A] pro se litigant's complaint still "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). All litigants, regardless of whether they are proceeding

---

2 Thomas was provided a copy of this Court's *Pro Se* Litigant Handbook to assist her in formulating the amended complaint. (Doc. 3).

3

> with the aid of counsel or *pro se*, must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Furthermore, even though a district court must interpret the pleadings of *pro se* litigants more liberally than those drafted by counsel, it "may not serve as de facto counsel for a party . . . or rewrite an otherwise deficient pleading in order to sustain an action." *Ausar-El ex rel. Small, Jr. v. BAC (Bank of America) Home Loans Servicing LP*, 448 Fed. Appx. 1, 2 (11th Cir. 2011) (internal quotations and citations omitted).

*Stone v. Stone*, No. 5:18-CV-867-CLS, 2018 WL 3368978, at *2 (N.D. Ala. July 10, 2018). Finally, 28 U.S.C. § 1915(e)(2)(B)(iii) implicates various immunity doctrines that may be applicable to certain cases. Though complaints filed by *pro se* litigants are liberally construed and held to less stringent standards than those drafted by attorneys, "this leniency does not give the court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014). *See, e.g., Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006).

### A. Subject Matter Jurisdiction

Given that district courts "have an independent obligation to determine whether subject-matter jurisdiction exists" in any given case, the undersigned begins with this point. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). In the present case, Thomas' amended complaint invokes this Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331 and asserts that defendants Lt. John W. Angle ("Lt. Angle"), an officer with the Mobile Police Department ("MPD"), and the City of Mobile ("the City") violated her Fourth and Fourteenth Amendment rights on July 27, 2023 during a traffic stop conducted by Lt. Angle. (Doc. 4). Though Thomas does not cite

42 U.S.C. § 1983 in her amended complaint, given her invocation of rights afforded to her by the Fourth and Fourteenth Amendments, subject matter that can be fairly attributed to a civil rights-type complaint and the leniency afforded to her a *pro se* litigant, the undersigned finds the amended complaint properly invokes this Court's federal question jurisdiction by asserting claims pursuant to 42 U.S.C. § 1983.

## B. Claims Presented in the Amended Complaint

Plaintiff alleges that during this traffic stop, Lt. Angle racially profiled Thomas and her passengers, ordered them out of the vehicle, threatened them to the point that Thomas "feared for [her] life," searched her vehicle without a warrant or probable cause and seized her lawfully owned weapon[3] without a warrant or probable cause, in violation of the Fourth and Fourteenth Amendments. (Doc. 4). Thomas further seeks to impute liability onto the City itself, arguing the City violated her Fourth Amendment rights by "allowing" Lt. Angle to conduct this unlawful search and seizure. (*Id.*). For relief, she seeks $40 million in damages. (*Id.*).

As indicated above, the undersigned liberally construes Thomas' amended complaint as asserting claims against Lt. Angle and the City of Mobile pursuant to 42 U.S.C. § 1983. To state a claim pursuant to § 1983, "a plaintiff must allege that (1) the defendant deprived [her] of a right secured under the United States Constitution or federal law and (2) such a deprivation occurred under color of state law." *Richardson v. Johnson,* 598 F.3d 734, 737 (11th Cir. 2010).

---

3 Thomas indicated in her initial complaint that the weapon at issue was a legally-purchased firearm and that her "gun permit was present." (Doc. 1, PageID.5). However, she refers only to a "legally purchased weapon" that was her "property" in the amended complaint. (*See* Doc. 4).

5

As an initial point, to the extent the City itself is implicated by Thomas' complaint, she fails to state a viable claim against it. Municipalities like the City of Mobile are only potentially liable under § 1983 when "the municipality itself causes the constitutional violation at issue." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978)). The doctrines of *respondeat superior* or vicarious liability do not operate in this context, and "[i]t is only when the 'execution of the government's policy or custom… inflicts the injury' that the municipality may be held liable under § 1983." *Harris*, 489 U.S. at 385 (citation omitted). Here, Thomas has merely asserted that the City "allow[ed]" Lt. Angle to conduct an illegal search and seizure. (Doc. 4). No further details are provided, and Thomas does not point to any custom or practice, which is necessary to assert a claim pursuant to *Monell* and its progeny.

As to Lt. Angle, a threshold consideration is whether Thomas seeks to bring her claim(s) against him in his personal or official capacity. Such a distinction is not clear from the face of her complaint, though the Supreme Court has instructed that "[t]he course of proceedings… typically will indicate the nature of the liability sought to be imposed" when such a distinction is unclear. *See Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) (citation omitted). To the extent Thomas seeks to assert claims against Lt. Angle in his official capacity, those claims would be unsuccessful for the same reasons discussed above with respect to the City because "suits against a municipal officer sued in his official capacity and direct suits against municipalities are functionally equivalent." *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir.

1991) (citation omitted). *See Graham*, 473 U.S. at 166 (explaining "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."). The course of proceedings here indicate that Thomas likely seeks to bring claim(s) against Lt. Angle in his personal capacity, and "to establish personal liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right." *Graham*, 473 U.S. at 166 (citation omitted).

So construed, Thomas' amended complaint properly alleges that Lt. Angle was acting under color of law as an MPD officer at the time of the traffic stop. (Doc. 4). And she generally alleges that his actions violated her Fourth and Fourteenth Amendment rights. (*Id.*). However, under Fed. R. Civ. P. 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This standard does not require "'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 556 U.S. at 678. *See id.* (explaining pleadings with only "labels and conclusions" or "naked assertions devoid of further factual enhancement" are insufficient) (internal citations and quotation omitted)). As it currently stands, the amended complaint lacks sufficient factual support to state a cognizable claim.

First, some of the conduct alleged does not rise to the level of a constitutional violation. For example, pulling over a vehicle and ordering passengers to step outside is not typically unconstitutional. As to the former, law enforcement officers do not violate the constitution by lawfully pulling over a vehicle for a traffic stop. Thomas has not asserted that there was any unlawful reason for the initial stop, therefore she

fails to state a claim to this effect. As to the latter, the Supreme Court held in *Pennsylvania v. Mimms*, 434 U.S. 106, 111 (1977) that, when lawfully stopped, asking passengers to step out of the vehicle "is at most a mere inconvenience… when balanced against legitimate concerns for the officer's safety." Here, not only does Thomas fail to establish that the initial stop was unlawful or anything other than mere inconvenience, but the fact that a weapon was in the vehicle likely also tips the balance in favor of officer safety. Accordingly, any harms suffered by Thomas from the traffic stop itself or by Lt. Angle ordering the passengers out of the vehicle are *de minimis* and not cognizable in their current form.

Second, Plaintiff has failed to state a claim for racial profiling under the Fourteenth Amendment. A district court within this circuit recently explained:

> The Equal Protection Clause of the Fourteenth Amendment "prohibits selective enforcement of the law based on considerations such as race." *Whren v. United States*, 517 U.S. 806, 813, 116 S. Ct. 1769, 135 L. Ed. 2d 89 (1996). To prevail on such a claim, Plaintiff must demonstrate [the defendant's] enforcement of the law had a discriminatory effect and it was motivated by a discriminatory purpose. *See United States v. Armstrong*, 517 U.S. 456, 465, 116 S. Ct. 1480, 134 L. Ed. 2d 687 (1996). To establish a discriminatory effect based on race, Plaintiff must show that similarly situated individuals of a different race did not receive the same treatment by law enforcement. *Id.*; *see also Swint v. City of Wadley, Ala.*, 51 F.3d 988, 1000 (11th Cir. 1995) ("Absent some evidence of racially disproportionate arrests compared to the actual incidence of violations by race, there is no basis for inferring racially selective law enforcement.").

*Dean v. Haul*, 2023 U.S. Dist. LEXIS 68198, *6 (N.D. Fla. Mar. 15, 2023). Much like the plaintiff in the above-quoted case, Thomas does not allege that Lt. Angle was motivated by a discriminatory purpose, nor that similarly situated individuals of a different race have been treated differently. (*See* Doc. 4). Instead, she merely asserts

in that Lt. Angle racially profiled her. (Doc. 4). Such a conclusory assertion without supporting facts is insufficient to state a claim for racial profiling under the Fourteenth Amendment.

With respect to Plaintiff's Fourth Amendment claims that Lt. Angle searched her vehicle without a warrant and probable cause and subsequently seized a lawfully owned weapon without a warrant or probable cause, such claims are likely actionable if properly pleaded.[4] However, the current amended complaint does not contain sufficient factual matter to support such claims, as they are merely conclusory. Further factual enhancement will be needed for the Court to properly evaluate these allegations against Lt. Angle.

### III. *Conclusion*

Under Eleventh Circuit precedent, "where a more carefully drafted complaint might state a claim," courts are directed to give *pro se* plaintiffs "at least one chance to amend the complaint before the district court dismiss the action." *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019). Here, the Court has already given Thomas one such chance. However, the undersigned finds it possible that Thomas may be able to state a claim – particularly with respect to the allegations of unreasonable search and seizure – with a more carefully drafted complaint.

As such, upon consideration and for the reasons stated herein, Thomas is **ORDERED** to file a second amended complaint resolving the deficiencies noted

---

4 Given Plaintiff's allegation that Lt. Angle "took [her] property without a proper cause or search warrant" and her references to this property as being a "legally purchased weapon" (*see* Doc. 4), Plaintiff may also be able to assert claim(s) pursuant to the Second Amendment.

9

herein by no later than **October 20, 2023**. Failure to comply with this directive will result in entry of recommendation to the Court that Thomas' current complaint be dismissed without prejudice *sua sponte* for failure to prosecute and/or non-compliance with a Court order.[5]

### NOTICE TO PRO SE PLAINTIFF

In light of her *pro se* status, Thomas is noticed that "[a]ll persons proceeding pro se shall be bound by, and must comply with, all Local Rules of this Court," as well as the applicable federal rules of procedure, "unless excused by Court order." S.D. Ala. GenLR 83.5(a). *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a pro se litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure. These rules provide for sanctions for misconduct and for failure to comply with court orders."); *United States v. Hung Thien Ly*, 646 F.3d 1307, 1315 (11th Cir. 2011) ("A pro se [party] must follow the rules of procedure and evidence and the district court has no duty to act as his lawyer…" (citation omitted)). Additionally, Federal Rule of Civil Procedure 11(a) requires that any paper filed with the Court be signed by her personally and provide her "address, e-mail address, and telephone number."[6] *See also* S.D. Ala. GenLR 5(a)(4) ("For filings

---

[5] *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); *see also, Betty K. Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005) (noting district court's inherent authority to *sua sponte* dismiss a case under Rule 41(b)), *and Equity Lifestyle Props, Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (explaining *sua sponte* dismissal is appropriate "to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." (internal quotation omitted)).

[6] "The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Fed. R. Civ. P. 11(a).

by *pro se* litigants, the unrepresented party shall personally sign each document filed and shall include, directly beneath the signature line, his or her name, address and telephone number.").[7] Under this Court's local rules, "[a]ny person proceeding *pro se* must, at all times during the pendency of the action to which he or she is a party, keep the Clerk informed of his or her current address and … must promptly notify the Clerk of any change in address … Failure to comply with this Rule may result in sanction, including the dismissal of a *pro se* plaintiff's action…" S.D. Ala. GenLR 83.5(b). Additionally, any "request for Court action must be presented by motion and may not be presented by informal means such as a letter." S.D. Ala. GenLR 7.

The Clerk is **DIRECTED** to send (1) a copy of this order and (2) a copy of this Court's form civil complaint to Thomas as the address on record.

**DONE** and **ORDERED** this the 28th day of September 2023.

>  */s/ Katherine P. Nelson*
>  **KATHERINE P. NELSON**
>  **UNITED STATES MAGISTRATE JUDGE**

---

[7] Unless and until Thomas registers with the Clerk of Court to electronically file, she must handwrite her signature on all future filings with this Court in order to comply with Rule 11(a). Should she desire to set up an electronic-filing account, she should contact the Office of the Clerk of Court for this district. *See also* Administrative Procedure for Electronic Filing in the United States District Court for the Southern District of Alabama, § III(B) (last revised 2/1/2021) (https://www.alsd.uscourts.gov/sites/alsd/files/AdminPro.pdf). This point cannot be emphasized enough, and Plaintiff is hereby noticed that repeated failure to personally sign filings may result in sanction as the Court sees fit, pursuant to its inherent powers to manage its docket. *See Mulautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1545-46 (11th Cir. 1993) ("Deeply rooted in the common law tradition is the power of any court to manage its affairs which necessarily includes the authority to impose reasonable appropriate sanctions upon errant lawyers practicing before it. Courts' inherent power also extends to parties to litigation." (internal citation and quotation omitted)).