IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BREANNIA THOMAS, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:23-00293-KD-N |
| ) | |
| LT. JOHN W. ANGLE, and ) | |
| THE CITY OF MOBILE, ) | |
|     Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff Breannia Thomas – who is proceeding without counsel (*pro se*) – filed a civil complaint in this Court on July 31, 2023, along with a contemporaneous motion to proceed without prepayment of fees, or *in forma pauperis* ("IFP"). (Docs. 1, 2).[1] By order dated August 29, 2023, the undersigned granted Plaintiff's IFP motion and after noting deficiencies with the original complaint, ordered her to file an amended complaint by no later than September 20, 2023. (Doc. 3). Plaintiff timely complied by filing an amended complaint on September 11, 2023. (Doc. 4). However, the amended complaint remained deficient in several respects, as explained in the Court's order dated September 28, 2023. (Doc. 5). The Court again directed to Plaintiff to resolve those deficiencies and file a second amended complaint by no later than October 20, 2023. (*Id.*). To date, Thomas has not filed a second amended complaint, nor has the Court received any further correspondence from her. As a result of Plaintiff's non-compliance with the prior directive and failure to prosecute this action, the

---

[1] The District Judge assigned to this case referred the complaint and IFP motion to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (7/31/2023 elec. ref.).

undersigned recommends her amended complaint filed September 11, 2023 (Doc. 4) be **DISMISSED without prejudice**.

## I. *Dismissal*

A federal district court is authorized to dismiss a case *sua sponte* for failure to prosecute under both Federal Rule of Civil Procedure 41(b) and its inherent power to manage its docket. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005); *see also* S.D. Ala. CivLR 41(c) ("Whenever it appears that the Plaintiff is not diligently prosecuting the action, the Court upon notice may dismiss the action for failure to prosecute, in accordance with applicable law."). In the present case, although Thomas timely complied with the Court's initial directive to file an amended complaint (*see* Docs. 3, 4), she has not complied with the Court's order to file a second amended complaint to date. (Doc. 5). Upon consideration of these facts and of the alternatives available to the Court, the undersigned **RECOMMENDS** that this action be **DISMISSED without prejudice** for failure to prosecute, under both Rule 41(b) and the Court's inherent authority, as no other lesser sanction will suffice. *Link v. Wabash R. R.*, 370 U.S. 626, 630 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456-57 (11th Cir. 1995); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1983); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983).

## II.     *Conclusion*

In accordance with the foregoing analysis, the undersigned **RECOMMENDS** that Thomas' amended complaint filed September 11, 2023 (Doc. 4) be **DISMISSED without prejudice** and that final judgment be entered accordingly under Federal Rule of Civil Procedure 58.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 11th day of December 2023.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**